# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**THOMAS Q NICHOLS**, and
**ANNA L NICHOLS**,

        Debtors.

Case No.  **07-61099-12**

# *MEMORANDUM of DECISION*

At Butte in said District this 26th day of March, 2008.

In this Chapter 12 bankruptcy, after due notice, a hearing was held March 11, 2008, in Billings on Debtors' Objection to Proof of Claim No. 3 filed by Ocwen Loan Servicing, LLC on behalf of the Bank of New York ("BNY").  The Chapter 12 Trustee, Dennis Hoeger, appeared at the hearing with his attorney Joseph V. Womack of Billings, Montana, while Debtor Thomas Nichols ("Nichols") of Wolf Point, Montana appeared *in propria persona* and BNY was represented by attorney Matthew Kolling of Dickinson, North Dakota.  Nichols and Craig McIvor testified.  Debtors' Exhibits A through P and Exhibits 1 through 4 were admitted into evidence.  BNY's Exhibit 1, a copy of an appraisal completed by Craig McIvor of Dakota Realty and Appraisal stemming from a February 2008 inspection of Debtors' real property, was also admitted into evidence.   This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

1

Debtors commenced the instant Chapter 12 bankruptcy on September 20, 2007,[1] and BNY filed a Proof of Claim on October 31, 2007, asserting a total claim of $137,012.66, of which $88,000.00 is secured by a Mortgage dated February 23, 2000, on the following real property ("Debtors' Real Property"):

Township 27 North, Range 46 east, P.M.M.
Section 27:    S½SE¼NW¼, S½N½SE¼NW¼, N½N½SE¼NW¼, NW¼SE¼,
              SW¼NE¼, NE¼SW¼, S½N½SW¼NW¼.

Debtors' filed their Objection to BNY's Proof of Claim on January 14, 2008, arguing that BNY failed to serve a copy of its Proof of Claim on Debtors, that BNY's computation of the total amount of the claim is in question and that the secured portion of BNY's Proof of Claim should be reduced to $17,600.00, or 20% of what BNY claims is the value of Debtors' Real Property, because Debtors only own a 20% undivided interest in the real property. BNY counters that Debtors are using an improper procedural vehicle to value their claim. BNY also argues that at the time Debtors executed the Note and Mortgage, Debtors were owners of a 100% interest in the real property at issue and, therefore, BNY is secured by a 100% interest in Debtors' Real Property.

The pertinent documents in this case are attached to Debtors' Objection and are identified as Exhibits L and N. Darlene Nichols conveyed, via Warranty Deed dated April 1, 1996, the Real Property to the Nichols Family Trust Plan. Exhibit L. The granting clause of the April 1,

---

[1] As an interesting side note, Debtors filed a prior Chapter 12 bankruptcy proceeding on August 5, 2002. Debtors' confirmed Chapter 12 plan in the 2002 bankruptcy case treated BNY as having a secured claim of $120,000. Debtors' liquidation analysis in that case disclosed that the value of their real property was $186,000.00. Debtors' prior bankruptcy case was dismissed on January 23, 2007, after Debtors' failed to make the payments required by the terms of their confirmed Chapter 12 plan.

1996, Warranty Deed reads as follows:

> [T]hat [Darlene J. Nichols], for and in consideration of the sum of One Dollar &
> Other Valuable Consideration Dollars ($1.00 OVC) lawful money of the United
> States of America to her in hand paid by [the Nichols Family Trust Plan], the
> receipt whereof is hereby acknowledged; do by these presents grant, bargain, sell,
> convey, warrant and confirm unto [the Nichols Family Trust Plan], and to their
> heirs and assigns forever, the hereinafter described real estate situated in the city
> or town of _____, County of Roosevelt, and State of Montana, to-wit:
> Township 27 North, Range 46 east, P.M.M.  Section 27:NW¼SE¼,
> S½SE¼NW¼, S½N½SE¼NW¼, SW¼NE¼, NE¼SW¼, S½N½SW¼NW¼,
> N½N½SE¼NW¼.

In a later recitation, the Warranty Deed reads as follows: "An essential part of this deed is the fact
that 80% of the valuation of said property consists of improvements already furnished and paid
for by [the Nichols Family Trust] and as such is already transferred."  The aforementioned
language is consistent with and appears to originate from a document entitled "Contract for Deed
Modification and Amendment to Lohmiller Siting Trust Agreement" signed by Debtors and
Darlene J. Nichols on April 1, 1996, that reads in the second recital: "It is agreed between the
PARTIES that Thomas Q. Nichols and Anna L. Nichols have provided improvements to
[Township 27 North, Range 46 east, P.M.M.  Section 27:NW¼SE¼, S½SE¼NW¼,
S½N½SE¼NW¼, SW¼NE¼, NE¼SW¼, S½N½SW¼NW¼, N½N½SE¼NW¼], which
improvements represent eighty per cent (80%) of the value of this described real estate, and will
retain benefit thereof."

Subsequently, in a Warranty Deed dated February 24, 2000, the Nichols Family Trust
Plan, Thomas Q. Nichols and Anna L. Nichols, Trustees, conveyed the Real Property to Debtors
as joint tenants, and not as tenants in common.  Nichols testified that BNY's predecessor-in-
interest, Metwest Mortgage Services, Inc. ("Metwest"), required, as a condition to Metwest

3

lending Debtors $100,000.00, that Debtors transfer title of the Real Property from the Nichols Family Trust Plan to Debtors.

The Court agrees with BNY's counsel that Debtors could have arguably brought the instant matter before the Court in the form of a motion to avoid lien under 11 U.S.C. § 506, which establishes the standard for valuation of an allowed secured claim.  Section 506(a) provides as follows:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

However, because Debtors brought this matter to the Court as a claim's objection under 11 U.S.C. § 502(b), F.R.B.P. 3007 and Mont. LBR 3007-2, the Court will address the matter in that fashion.  Federal Rule of Bankruptcy Procedure 3001(f)[2], provides that a proof of claim completed and filed in accordance with 11 U.S.C. § 501 and any applicable Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim.  Thus, if a procedurally proper claim is filed, the objecting party carries the burden of going forward with evidence contesting the validity or amount of the claim.  *In re Weber*, 16 Mont. B.R. 49, 56 (Bankr. D.Mont. 1997); *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991).  However, once the objecting party succeeds in overcoming the *prima facie* effect given to the claim by Rule

---

[2] Rule 3001(f) reads: "A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."

4

3001(f), the burden shifts to the claimants to prove the validity of their claims by a preponderance of the evidence. *In re Allegheny Int'l, Inc.* 954 F.2d 167, 173-74 (3rd Cir. 1992).

The Court would note at the outset that Debtors have received a copy of BNY's Proof of Claim. Therefore, Debtors' Objection to the Proof of Claim on that basis is overruled. Similarly, Debtors object to BNY's Proof of Claim arguing that BNY's computation of the total amount of the claim is in question. Debtors presented no evidence to contradict BNY's Proof of Claim or the 17 pages of attachments thereto. Thus, the Court rejects Debtors' unsubstantiated assertion that the total amount of BNY's claim is in question.

As for Debtors' final argument, the record in this case shows that Darlene J. Nichols transferred all her interest in the Real Property to the Nichols Family Trust Plan on April 1, 1996. The Court finds no merit in Debtors' argument that Darlene J. Nichols transferred only 20 percent of the Real Property to the Nichols Family Trust Plan on April 1 1996. The language relied upon by Debtors is not a limitation of the granting clause but is instead, a recitation of consideration. *See Henningsen v. Stromberg*, 124 Mont. 185, 221 P.2d 438 (1950). At the request of Metwest, Debtors, as trustees of the Nichols Family Trust Plan, conveyed the Real Property to Debtors and in turn, Metwest loaned Debtors $100,000, which amount was secured by a mortgage against the Real Property. BNY, as the successor to Metwest, therefore has a lien against 100% of the Real Property.

Based upon the foregoing, the Court finds that Debtors have not overcome the *prima facie* effect afforded BNY's claim by F.R.B.P. 3001(f). Therefore, Debtors' Objection is overruled and BNY's claim is allowed as filed. Consistent with the foregoing, the Court will enter a separate Order providing as follows:

5

IT IS ORDERED that Debtors' Objection to Proof of Claim No. 3 filed by Ocwen Loan Servicing, LLC on behalf of the Bank of New York is OVERRULED and Proof of Claim No. 3 shall be allowed as filed.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana